# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Manuel Parra,<br><br>   Petitioner,<br><br>vs.<br><br>Deputy Warden<br>McCarville, et al.,<br><br>   Respondents. | No. CV-09-0554-TUC-FRZ-DTF<br><br>**REPORT & RECOMMENDATION** |

Petitioner Victor Parra, presently incarcerated at the Arizona State Prison - Lewis/Stiner Unit, in Buckeye, Arizona, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondents' Answer (Doc. 10), Petitioner's Reply (Doc. 13) and Petitioner's Supplemental Reply (Doc. 15).[1] The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2007, Parra was convicted by a jury in the Cochise County Superior Court of one count of knowingly possessing a narcotic drug for sale, a class 2 felony, and one count of marijuana for sale having a weight of less than two pounds, a class 4 felony. (Doc.

---

[1] This document is entitled: "Certificate of Appealibility [sic] and Assistence [sic] of Counsel." Because the issues presented therein appear to be arguments on the merits of Petitioner's case, the Court construes this document as a supplemental reply.

1  10, Ex. J.) On September 13, 2007, the trial court sentenced Parra to the presumptive term of 15.75 years in prison on the first count and to the presumptive term of 10 years for the second count, to run concurrently. (*Id.*, Exs. K, L.)

On May 14, 2008, Parra filed an appellate brief before the Arizona Court of Appeals, raising two issues: (1) whether the trial court erred in allowing the state to introduce evidence of Parra's finances, and (2) whether the trial court erred by conducting Parra's trial in absentia without obtaining a personal waiver of Parra's presence. (*Id.*, Ex. R at 9.) The Arizona Court of Appeals rejected both of Parra's arguments and affirmed the verdict. (*Id.*, Ex. U.) Parra did not file a Petition for Review with the Arizona Supreme Court.[2]

On July 17, 2008, Parra filed a petition for post-conviction relief (PCR) alleging ineffective assistance of trial counsel (IAC). (*Id.*, Ex. V.) On September 3, 2008, the PCR court dismissed the petition. (*Id.*, Ex. Y.) On October 6, 2008, Parra filed a motion for reconsideration with the PCR court alleging IAC because Parra's trial counsel had observed signs that Parra was not competent or capable of standing trial; did not make a record of these observations at the time of trial; and should have filed a motion for a Rule 11 examination to determine if Parra was fit to stand trial. (*Id.*, Ex. Z.) The PCR court summarily denied the motion for reconsideration on October 15, 2008. (*Id.*, Ex. AA.) On November 4, 2008, Parra filed a petition for review with the Arizona Court of Appeals asserting: (1) counsel was ineffective for waiving Parra's right to be present at his trial and failing to make record of his concern that Parra had not made a knowing and intelligent decision to waive his presence at trial; and (2) the trial court erred in failing to personally question Parra about his waiver and determine whether the waiver was knowing, intelligent and voluntary. (*Id.*, Ex. BB.) The Arizona Court of Appeals granted review but rejected Parra's arguments and denied relief on March 19, 2009. (*Id.*, Ex. DD.)

---

[2] Parra asserts in his Petition that he appealed to the Arizona Supreme Court, however, there is no evidence in the record of a petition to that court.

**DISCUSSION**

On September 24, 2009, Parra filed the instant habeas corpus petition alleging three claims for relief: (1) counsel was ineffective, in violation of his Sixth Amendment right to counsel, for (a) waiving Parra's right to be present at trial, and (b) failing to a make record of Parra's signs of incompetency;  (2) the trial court erred by failing to obtain a personal waiver of Parra's constitutional right to be present under the Fifth, Sixth and Fourteenth Amendments; and (3) the trial court erred by allowing the state to present evidence of Petitioner's financial status in violation of the Fifth, Sixth and Fourteenth Amendments. (Doc. 1.) Respondents contend Claims 1(b) and 3 are procedurally defaulted.  Respondents concede that Claim 1(a) was properly exhausted (Doc. 10 at 10, 16), and the Court will address that issue on the merits.  Respondents did not address Claim 2 in their Answer, but the Court will address it on the merits.[3]

### **Exhaustion and Procedural Default, Claims 1(b) and 3**

<u>Legal Standard</u>

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also, Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).  If a habeas claim includes new factual allegations not presented to the state court, it may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

---

[3]  Having reviewed the record, the Court finds that this claim might have been properly exhausted in state court. (Doc. 10, Ex. R at 11, Ex. U at 6-9.) Regardless, the court reaches and dismisses this claim on the merits. *See* 28 U.S.C. 2254(b)(2) (allowing the court to dismiss unexhausted claims on the merits).

1    Exhaustion requires that a petitioner clearly alert the state court that he is alleging a
2 specific federal constitutional violation. *See Casey v. Moore*, 386 F.3d 896, 913 (9th Cir.
3 2004); *see also, Gray v. Netherland*, 518 U.S. 152, 163 (1996) (general appeal to due process
4 not sufficient to present substance of federal claim); *Lyons v. Crawford*, 232 F.3d 666, 669-
5 70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency
6 of evidence, right to be tried by impartial jury, and ineffective assistance of counsel lacked
7 specificity and explicitness required); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999)
8 ("The mere similarity between a claim of state and federal error is insufficient to establish
9 exhaustion"). A petitioner must make the federal basis of a claim explicit either by citing
10 specific provisions of federal law or case law, *Lyons*, 232 F.3d at 670, or by citing state cases
11 that plainly analyze the federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153,
12 1158 (9th Cir. 2003) (en banc); *cf. Fields v. Washington*, 401 F.3d 1018, 1022 (9th Cir. 2005)
13 (mere citation to a state case that conducts both a state and federal law analysis does not, by
14 itself, satisfy exhaustion).

15    In Arizona, there are two primary procedurally appropriate avenues for petitioners to
16 exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the
17 Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner
18 is precluded from relief on any claim that could have been raised on appeal or in a prior PCR
19 petition. Ariz. R. Crim. P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided
20 only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and
21 the petitioner can justify why the claim was omitted from a prior petition or not presented in
22 a timely manner. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(b), 32.4(a).

23    A habeas petitioner's claims may be precluded from federal review ("procedurally
24 defaulted") in two ways. First, a claim may be procedurally defaulted in federal court if it
25 was actually raised in state court but found by that court to be defaulted on state procedural
26 grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if
27 the petitioner failed to present it in state court and "the court to which the petitioner would
28 be required to present his claims in order to meet the exhaustion requirement would now find

- 4 -

1 the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1; *see also, Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also, Gray*, 518 U.S. at 161-62.

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

<u>Analysis</u>

In Claim 1(b), Parra asserts IAC because his counsel failed to make a record of Parra's signs of incompetency. In his direct appeal, Parra did not assert IAC. (Doc. 10, Ex. R.) In both his PCR petition and his petition for review, Parra asserted his counsel was ineffective for waiving Parra's right to be present at trial, thereby denying him his constitutional right to confront witnesses against him in violation of the Sixth Amendment. (*Id.*, Ex. V at 9, Ex. BB at 7-8.) He did not assert that counsel was ineffective for failing to make a record of Parra's signs of incompetency (*id.*), therefore, he failed to fairly present this claim. *See Carriger v. Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992) (treating distinct failures by trial counsel as separate claims for exhaustion and procedural default); *Matias v. Oshiro*, 683 F.2d 318, 319-20 & n.1 (9th Cir. 1982) (finding no fair presentation of eight grounds of IAC not raised in state court); *cf. Strickland v. Washington*, 466 U.S. 668, 690 (1984) (requiring identification of the specific "acts or omissions" of counsel and a determination of whether those acts are outside the range of competent assistance).

1  Parra did not properly raise the claim in his PCR petition, but he arguably raised this issue in his motion for reconsideration of the denial of his petition. (*Id.*, Ex. DD at 4-5.) Pursuant to Arizona Rule of Criminal Procedure 32.9(a), a motion for reconsideration is not the proper place to present new evidence and new claims to the court (*id.* at 4). *See Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 57, 156 P.3d 1157, 1162 (App. 2007). Therefore, Parra did not properly raise and exhaust this issue before the PCR court. In addition, Parra did not raise this issue in his Petition for Review with the Arizona Court of Appeals. (Doc. 10, Ex. BB at 7-8.) For a petitioner to exhaust a claim in state court, the petitioner must bring the same federal claim before both the trial (PCR) court and the court of appeals. *See O'Sullivan*, 526 U.S. at 848. Here, Parra did not raise the issue at all in his petition for review, although the Arizona Court of Appeals briefly mentioned the issue in a footnote (Doc. 10, Ex. DD at 5 n.4). In sum, Parra did not fairly and properly present the same claim in the state courts and has not properly exhausted Claim 1(b). *See O'Sullivan*, 526 U.S. at 845.

In Claim 3, Parra asserts that the trial court erred in allowing the state to present evidence of Petitioner's financial status in violation of the Fifth, Sixth and Fourteenth Amendments. In his direct appeal, Parra alleged that use of this evidence violated Arizona evidentiary law, but he did not fairly present a federal constitutional claim. (Doc. 10, Ex. R at 10). *See Gray*, 518 U.S. at 163.

Parra cited two federal cases in his appellate brief (Doc. 10, Ex. R at 10), however, he did not alert the state court to a specific federal constitutional violation. *See Casey,* 386 F.3d at 913; *Lyons*, 232 F.3d at 670. Instead, Parra relied on the cases for their interpretations of the federal rules of evidence to support his argument based on the Arizona Rules of Evidence. (Doc. 10, Ex. R at 10 (*citing United States v. Bartley*, 855 F.2d 547, 550 (8th Cir. 1998); *United States v. Grandison*, 783 F.2d 1151, 1156 (4th Cir. 1986).) The Federal Rules of Evidence have no applicability in state court and, therefore, provide no basis for relief for a state criminal defendant. The Supreme Court has explicitly rejected the argument that similarity between the state claim alleged in state court and an unasserted

- 6 -

federal claim satisfies the exhaustion requirement. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). More importantly, the federal rules of evidence are not synonymous with a federal constitutional right. Neither *Bartley* nor *Grandison* analyzes a federal constitutional issue. Citation to federal cases which do not analyze the federal constitutional issue is insufficient to fairly alert the state court to a federal constitutional claim. *See Castillo v. McFadden*, 399 F.3d 993, 1001 (9th Cir. 2005); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). The Court finds that Claim 3 was not fairly presented as a federal constitutional issue in state court and, accordingly, Parra has not properly exhausted this claim. *See O'Sullivan*, 526 U.S. at 845.

If Parra were to return to state court now to litigate the forgoing claims, they would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion. Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Therefore, Grounds 1(b) and 3 are technically exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray*, 518 U.S. at 161-62.

<u>Cause and Prejudice and Fundamental Miscarriage of Justice</u>

Parra does not allege cause and prejudice relating to the default of Claims 1(b) and 3, nor does he allege there will be a fundamental miscarriage of justice if these claims are not heard on the merits. *See Coleman*, 501 U.S. at 750. Therefore, these claims are procedurally defaulted.

**Merits, Claims 1(a) and 2**

<u>Legal Standard</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reducing delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*,

537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam). In characterizing the claims subject to analysis under the "contrary to" prong, the Court has

- 8 -

1  observed that "a run-of-the-mill state-court decision applying the correct legal rule to the
2  facts of the prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to'
3  clause." *Williams*, 529 U.S. at 406; *see Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir.
4  2004).

5  Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court
6  may grant relief where a state court "identifies the correct governing legal rule from [the
7  Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or
8  "unreasonably extends a legal principle from [Supreme Court] precedent to a new context
9  where it should not apply or unreasonably refuses to extend that principle to a new context
10 where it should apply." *Williams*, 529 U.S. at 407.  For a federal court to find a state court's
11 application of Supreme Court precedent "unreasonable," the petitioner must show that the
12 state court's decision was not merely incorrect or erroneous, but "objectively unreasonable."
13 *Id.* at 409; *Landrigan*, 550 U.S. at 473; *Visciotti*, 537 U.S. at 25.

14 Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state
15 court decision was based upon an unreasonable determination of the facts. *Miller-El v.*
16 *Dretke*, 545 U.S. 231, 240 (2005) (*Miller-El II*).  A state court decision "based on a factual
17 determination will not be overturned on factual grounds unless objectively unreasonable in
18 light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322, 340
19 (2003) (*Miller-El I*); *see Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).   In
20 considering a challenge under § 2254(d)(2), state court factual determinations are presumed
21 to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and
22 convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan*, 550 U.S. at 473-74; *Miller-El II*,
23 545 U.S. at 240.

24 <u>Ineffective Assistance of Counsel, Claim 1(a)</u>

25 Parra alleges his trial counsel's performance was deficient, in violation of the Sixth
26 Amendment, because counsel waived Parra's right to be present at trial and failed to object
27 to the court's commencement of trial in absentia.

28

- 9 -

*Factual Background*

Parra raised this IAC claim in his PCR petition (Doc. 10, Ex. V at 9), and in his petition for review (*id.*, Ex. BB at 7-8). The PCR court denied his petition finding:

> counsel for the Defendant made a strategic decision, which the Defendant agreed with, not to have the Defendant present in Court during the trial of this matter on the grounds and for the reason that his physical appearance at that time was of such a nature and condition that it would not make a favorable impression upon the jury and would not be conducive to the presumption of innocence.

(*Id.*, Ex. Y.) In denying the petition for review, the Court of Appeals noted there was nothing in Parra's PCR petition nor in the record to support his assertion that his absence from trial was not voluntary. (*Id.*, Ex. DD at 4 n.3.) The Court of Appeals upheld the PCR court's denial of the petition because trial counsel was faced with a difficult strategic choice – Parra's condition would have negatively impacted the jury's impression of him and the court refused to continue the trial – and there was no evidence that counsel's conduct fell below the prevailing professional standards. (*Id.* at 5.)

In his motion for reconsideration and his petition for review, Parra relied on an affidavit submitted by his trial counsel. (Doc. 10, Ex. Z at Ex. 1.) Trial counsel averred that "[p]rior to trial and during the trial, [counsel] was in regular communication with Mr. Parra, either in person, by phone, or through an assistant. . . . During each conversation with Mr. Parra, he indicated that he would rather remain at the jail rather than attend the trial." (*Id.* at 2.) Counsel stated that Parra was experiencing severe effects of drug withdrawal, causing "flu like symptoms, falling asleep, and not appearing fully mentally alert." (*Id.*) Counsel was concerned about how Parra's "obvious condition" would effect the jury but also that his absence would concern the jury. (*Id.* at 3.) Counsel attested:

> Mr. Parra and [counsel] initially made a decision that it would be better for him not to attend the jury selection part of the trial. Following jury selection, [counsel] contacted Mr. Parra either in person or by phone in order to see whether he wished to come to Court. The office had court clothes available at the jail for Mr. Parra in the event that he wished to attend.

(*Id.* at 2.) Trial counsel also stated that because the court would not continue the trial, he "tried to make due with the situation as best as [he] could." (*Id.* at 3.)

- 10 -

*Analysis*

The Supreme Court established the controlling standard for IAC claims in *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). In order for Parra to prevail on his IAC claim, *Strickland* requires that he prove two elements: (1) that his trial counsel's performance fell below an objective standard of reasonableness, "outside the wide range of professionally competent assistance"; and (2) that the deficient performance prejudiced his defense. *Id*. The inquiry under *Strickland* is highly deferential, and requires that "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*; *see also Bell v. Cone*, 535 U.S. 685, 700 (2002). Thus, to satisfy *Strickland*'s first prong, deficient performance, a defendant must overcome "the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Bell*, 535 U.S. at 700 (quoting *Strickland*, 466 U.S. at 689).

The Ninth Circuit has held that it was not ineffective for an attorney to allow his client to waive his right to be present during *voir dire*. *Campbell v. Blodgett*, 978 F.2d 1502, 1511-12 (9th Cir. 1992). In *Campbell*, the court stated, "[t]he tactical decision to support a potentially obstreperous defendant's desire to be absent from certain proceedings comports with sound professional judgement." *Id*. at 1512. Although the defendant in *Campbell* personally waived his right to be present on the record and signed a written waiver, the court's analysis centered on whether counsel's decision to allow his client to waive his right to be present was a legitimate tactical decision. *Id*. at 1511-12. In its analysis, the court did not rely on the personal waiver of the defendant and did not demonstrate that the personal waiver was significant to the decision. *Id.*

In addition, in *Bustamante v. Eyman*, 456 F.2d 269, 274 (9th Cir. 1972), the court held that counsel cannot waive the defendant's right to be present without the knowledge and consent of the defendant. Significantly, the court did not hold that counsel does not ever have the power to waive the right to be present on behalf of the defendant, but only where the defendant was unaware of the waiver and did not consent. Thus, the important question

1  under *Strickland* appears to be whether counsel's decision to waive his client's right to be
2  present was a legitimate tactical or strategic choice made with the defendant's knowledge and
3  consent.

4  In this case, both the PCR court and the court of appeals found that Parra's trial
5  counsel made a strategic decision to waive Parra's right to be present at his trial. Both courts
6  found that counsel made the decision based on a legitimate concern about how Parra would
7  appear to the jury and the evidence in the record indicated that Parra agreed with the
8  decision. The state courts concluded that Parra's trial counsel's actions did not fall below
9  the prevailing professional norms.

10  First, the Court reviews the state courts' factual finding that trial counsel made a
11  strategic decision and assesses whether that finding was objectively unreasonable. *See Wood*
12  *v. Allen*, 130 S. Ct. 841, 849 (2010) (citing 28 U.S.C. § 2254(d)(2)). The record indicates
13  counsel was in contact with Parra prior to and throughout the trial about whether he should
14  appear at any point. Counsel considered how Parra's presence and absence would impact
15  the jury. Additionally, counsel desired an extension of trial but the court foreclosed that
16  option and counsel was cognizant that he was left with limited choices. The record evidence
17  supports the state courts' finding that counsel was faced with a difficult choice and he made
18  a strategic decision to waive Parra's presence.

19  Next, the Court must review the objective reasonableness of the state courts' ruling
20  that counsel's strategic decision fell within reasonable professional judgment under
21  *Strickland*. *See id.* at 850-51 & n.3. Counsel was worried that Parra might receive
22  prejudicial treatment from the jury due to his appearance, which was a real and legitimate
23  concern. (Doc. 10, Ex. Z at Ex. 1.) Thus, counsel was forced to decide whether the
24  possibility that Parra's appearance would negatively affect his trial outweighed the benefit
25  from and his right to be present. Counsel's decision to waive Parra's presence because it was
26  the best available choice for his defense was within professional parameters.

27  Furthermore, counsel was in communication with Parra and believed he wished to
28  waive his right to be present. (*Id.*) Although Parra alleges that was not his intent (Doc. 1 at

12-13), there is no supporting evidence for this assertion. Instead, counsel's affidavit reports that Parra intended to voluntarily absent himself from the proceedings and he expressed this desire to his trial counsel. (Doc. 10, Ex. Z, Ex. 1.) Parra has never presented evidence to the contrary. Parra's unexpressed subjective intent cannot form the basis for an IAC claim when the evidence indicates counsel reasonably believed Parra wished to waive his right to be present and such waiver could be considered sound trial strategy. *Strickland*, 466 U.S. at 687-88. Because the record demonstrates that Parra intended to waive his right to be present and his counsel made a strategic decision to waive this right, the state courts' holding that this decision did not fall below prevailing professional norms was not unreasonable. *See id.*

<u>Trial Court Error, Claim 2</u>

Parra alleges the trial court failed to obtain a knowing, voluntary and intelligent waiver of his right to be present at trial, in violation of his rights under the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. Parra contends that the court should have obtained a waiver from him in person and on the record, and the court could not rely on his counsel to make such a waiver.

*Factual Background*

On direct appeal, Parra argued the trial court erred in failing to obtain a knowing, voluntary and intelligent waiver of his constitutional right to be present at trial. (Doc. 10, Ex. R at 10-12.) In denying this claim, the court of appeals recognized that counsel may waive his client's constitutional rights and a defendant is bound by his counsel's waiver, even where counsel did not consult with the defendant. (*Id.*, Ex. U at 8.) The court of appeals found counsel's waiver was sufficient and a trial court need not obtain a personal waiver from a defendant. (*Id.*)

*Analysis*

The United States Constitution guarantees a criminal defendant "the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). However, with the exception of certain fundamental rights, a defendant is bound by

his counsel's strategic decision to waive his constitutional rights. *See New York v. Hill*, 528 U.S. 110, 114 (2000); *United States v. Olano*, 507 U.S. 725, 733 (1993); *Henry v. Mississippi*, 379 U.S. 443, 451 (1965). In *New York v. Hill*, the Court recognized that very few rights require personal waiver, listing the right to counsel and the right to plead not guilty as examples. 528 U.S. at 114 (citing *Johnson v. Zerbst*, 304 U.S. 458, 464065 (1938); *Brookhart v. Janis*, 384 U.S. 1, 7-8 (1966)). The Supreme Court has not decided whether the right to be present at trial is the kind of fundamental right which may not be waived by counsel and requires a personal waiver from the defendant. *Cf. Martin v. Fanies*, 365 Fed. Appx. 736, 739-40 (8th Cir. 2010) (noting that Supreme Court has not held that absence for jury questions requires personal waiver); *but see Rushen v. Spain*, 464 U.S. 114, 117-18 & n.2 (1983) (labeling the right to be present at critical stages of trial as "fundamental," but not assessing waiver and holding violation of that right is subject to a harmless error analysis).

After a review of federal case law, the Court concludes there is no clearly established federal law precluding counsel from waiving his client's right to be present. *Compare United States v. Riddle*, 249 F.3d 529, 533-35 (6th Cir. 2001) (defendants effectively waived their right to be present through counsel to avoid possible prejudice due to heavy security, and the trial court was not required to engage defendants in an on-the-record colloquy) (citing *Taylor v. United States*, 414 U.S. 17, 19-20 (1973)); *United States v. Gallo*, 763 F.2d 1504, 1529 (6th Cir. 1985) (counsel effectively waived defendant's right to be present when he relayed defendant's waiver while defendant was hospitalized); *United States v. Gagnon*, 470 U.S. 522, 528 (1985) (the district court is not required to get an express "on the record" waiver from the defendant for every trial conference the defendant has the right to attend pursuant to Fed. R. Crim. P. 43); *United States v. Crews*, 695 F.2d 519, 520-21 (11th Cir. 1983) (under Fed. R. Crim. P. 43(a), counsel may waive the right to be present on behalf of his client as long as counsel advises his client of the right to be present and informs the court of his client's desire to waive the right), *with United States v. Gordon*, 829 F.2d 119, 125 (D.C. Cir. 1987) (right of custodial defendant to be present cannot be waived by trial counsel and

requires a personal on the record waiver).[4]

Because there is no clearly established Federal law precluding a trial court from relying on a waiver by counsel, without obtaining a personal waiver on the record from the defendant himself, the decision of the Arizona Court of Appeals denying this claim cannot form the basis for federal habeas relief. *See Williams*, 529 U.S. at 365; *Musladin*, 549 U.S. at 74 (denying habeas relief in absence of clearly established federal law).

## CONCLUSION

The Court finds that Claims 1(b) and 3 are procedurally defaulted, and Parra has not established cause and prejudice or a fundamental miscarriage of justice to overcome the defaults. Claims 1(a) and 2 are meritless.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-09-0554-TUC-FRZ**.

DATED this 20th day of December, 2010.

D. Thomas Ferraro
United States Magistrate Judge

---

[4] Despite some historical dicta to the contrary, *see Diaz v. United States*, 223 U.S. 442, 455 (1912), the fact that Parra was in custody did not preclude his ability to waive the right to be present, *see Illinois v. Allen*, 397 U.S. 337, 342-43 (1970); *Campbell v. Wood*, 18 F.3d 662, 671-72 & n.2 (9th Cir. 1994); *United States v. Gordon*, 829 F.2d at 125 n.7.